UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WAYNE S. HARRINGTON,

                              Plaintiff,

v.                                                                      6:13-CV-1230

                                                                                 (MAD/TWD)

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                                        OF COUNSEL:

Olinsky Law Group                               HOWARD D. OLINSKY, ESQ.
*Counsel for Plaintiff*
300 South State Street, Suite 420
Syracuse, New York 13202

OFFICE OF GENERAL COUNSEL           VERNON NORWOOD, ESQ.
Social Security Administration, Region II
*Counsel for Defendant*
26 Federal Plaza, Room 3904
New York, New York 10278

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

# REPORT AND RECOMMENDATION

       This matter was referred to the undersigned for report and recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. This case has proceeded in accordance with General Order 18 of this Court which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Both parties have filed briefs. Oral argument was not heard. For the reasons discussed below, it is recommended that the matter be remanded to the Commissioner for further

proceedings consistent with the findings set forth below.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is fifty years old. (Dkt. No. 8-3 at 2.[1]) He completed tenth grade in special education classes. (Dkt. 8-2 at 40.) Plaintiff last worked as a garbage picker in 2009. *Id.* at 40-41. Prior to that, he worked in a cotton factory making cotton for furniture. *Id.* at 41. He had also worked at a factory making wood for caskets, packaged gun boxes for Remington Arms, and loaded and unloaded trucks. *Id.* at 42-43. He also held jobs as a dishwasher and maintenance staff. *Id.* at 43-44. On January 10, 2011, Plaintiff suffered from an acute myocardial infarction. (Dkt. No. 8-7 at 2.) Plaintiff alleges disability due to heart disease and kidney mass since December 28, 2010. (Dkt. No. at 8-4 at 6.)

Plaintiff applied for disability insurance benefits and Supplemental Security Income ("SSI") on January 26, 2011.[2] (Dkt. No. 8-5 at 13, 20.) The application was denied on May 25, 2011. (Dkt. No. 8-4 at 2.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 2. The hearing was held on February 10, 2012. (Dkt. No. 8-2 at 62.) The ALJ adjourned the hearing to allow Plaintiff to retain counsel. *Id.* at 62-74. Plaintiff retained counsel and appeared at the hearing held on May 11, 2012. *Id.* at 35. On June 18, 2012, the ALJ issued a decision finding that Plaintiff was not disabled. *Id.* at 11-19. The ALJ's decision became the final decision of the Commissioner

---

[1] Page numbers in docket entries refer to the page numbers assigned by the Court's electronic filing system.

[2] There is a discrepancy regarding the date when Plaintiff applied for disability insurance benefits and SSI. In his decision, the ALJ stated that Plaintiff applied on January 11, 2011. (Dkt. No. 8-2 at 11.) However, the application summaries for disability insurance benefits and SSI are dated January 26, 2011. (Dkt. No. 8-5 at 13, 20.)

2

when the Appeals Council denied Plaintiff's request for review on August 5, 2013. *Id.* at 2. Plaintiff commenced this action on October 2, 2013. (Dkt. No. 1.)

II.     SUMMARY OF MEDICAL EVIDENCE

In February 2011, Plaintiff was referred to Dr. Menzies for his cardiology concerns and to Dr. Bermejo for his kidney mass. (Dkt. No. 8-7 at 26.) On February 16, 2011, Plaintiff met with Dr. Berjemo. *Id.* at 29-30. After discussing various treatment and diagnostic options, they agreed to watch Plaintiff's kidney mass after considering Plaintiff's history of cardiopulmonary arrest and acute myocardial infarction six weeks ago. *Id.* at 30. In a letter submitted after Plaintiff's hearing, Dr. Bermejo stated that Plaintiff had a left renal mass in January 2011 after suffering a cardiopulmonary arrest. *Id.* at 74.

On March 22, 2011, Dr. Dennis M. Noia, a consultative psychiatric examiner, assessed Plaintiff. (Dkt. No. 8-7 at 37-40.) Dr. Noia determined that Plaintiff's "attention and concentration was intact. He was able to do counting, but could not do simple calculations or serial 3s because of poor arithmetic skills." *Id.* at 39. Dr. Noia also reported that Plaintiff's "recent and remote memory skills were mildly impaired." *Id.* Dr. Noia found that Plaintiff's "intellectual functioning is estimated to be in the borderline range. His general fund of information appears to be somewhat limited." *Id.* Plaintiff told Dr. Noia that he can "dress, bathe, and groom himself with assistance. He reports that since his heart attach [sic], he does not he can [sic] cook and prepare food, do general cleaning, laundry, shopping, manage money, drive, or use public transportation." *Id.* Dr. Noia opined that Plaintiff "appears to be capable of understanding and following simple instructions and directions[,] . . . performing simple and some complex tasks with supervision and independently[,] . . . and maintaining attention and concentration for tasks." *Id.* He also "appears to be capable of learning

3

new tasks[,] . . . making appropriate decisions[,] . . . relat[ing] to and interact[ing] moderately well with others[, and] . . . dealing with stress." *Id.* Plaintiff may need "assistance managing money due to poor arithmetic skills." *Id.* at 40. Dr. Noia reported that no psychiatric recommendations were necessary at that time. *Id.*

On March 22, 2011, Plaintiff underwent an internal medicine examination with consultative examiner, Dr. Kalyani Ganesh. (Dkt. No. 8-7 at 41-44.) Dr. Ganesh reported that Plaintiff did not have any "gross limitation to sitting, standing, and walking. He has a moderate-to-severe limitation lifting, carrying, pushing, and pulling secondary to coronary artery disease and abdominal surgery." *Id.* at 44.

On April 15, 2011, Plaintiff had a follow-up visit with Dr. Michael W. Kelberman at Central New York Cardiology. (Dkt. No. 8-7 at 46-47.) Dr. Kelberman reported that Plaintiff had made a "good recovery" from his heart attack and that he was doing "relatively well." *Id.* at 46. Plaintiff told Dr. Kelberman that he experiences occasional chest pain occurring both at rest and with exertion. *Id.* Plaintiff also reported some mild shortness of breath. *Id.* Plaintiff's medications included aspirin 325 mg daily, potassium 20 mEq per day, bisoprolol 5 mg twice a day, ramipril 2.5 mg daily, and Effient 10 mg daily. Dr. Kelberman's impression was that Plaintiff "has had a traumatic recovery . . . . He has had some recurrent symptoms . . . ." *Id.*

On December 27, 2011, Plaintiff went to Little Falls Hospital for chest pain. (Dkt. No. 8-7 at 71-73.) Plaintiff had a follow-up visit at Central New York Cardiology with Lisa C. Anweiler, an Adult Nurse Practitioner, and Dr. Hugh C. MacIsaac. *Id.* at 75-76. They reported that Plaintiff "does exercise on a daily basis by walking. He does have some fatigue but not anything worse with his last

visit with us." *Id.* at 75. They further reported that Plaintiff was "stable from a cardiovascular standpoint." *Id.* at 76. Plaintiff was told to continue taking his medication and walking. *Id.*

### III. APPLICABLE LAW

#### A. Standard for Benefits

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2006). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2015). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy

5

> that the claimant can perform given the claimant's residual functional
> capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014.) "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008) (quoting *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)). If the plaintiff-claimant meets his or her burden of proof, the burden shifts to the defendant-Commissioner at the fifth step to prove that the plaintiff-claimant is capable of working. *Id.*

**B.     Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citations omitted). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "[A]n ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial

evidence supports the decision." *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010);[3] *see Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . .'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "'more than a mere scintilla'" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

## IV. THE ALJ'S DECISION

Here, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Dkt. No. 8-2 at 11, 18.) At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 28, 2010, his alleged onset date. *Id.* at 13. At step two, the ALJ found that Plaintiff's status-post myocardial infarction and borderline intellectual functioning were "severe" impairments.

---

[3] On Lexis, this published opinion is separated into two documents. The first is titled *Roat v. Barnhart*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55442 (N.D.N.Y. June 7, 2010). It includes only the district judge's short decision adopting the magistrate judge's report and recommendation. The second is titled *Roat v. Commissioner of Social Security*, 717 F. Supp. 2d 241, 2010 U.S. Dist. LEXIS 55442 (N.D.N.Y. June 7, 2010). It includes only the magistrate judge's report and recommendation. Westlaw includes both the district court judge's decision and the magistrate judge's report and recommendation in one document, titled *Ross v. Barnhart*, 717 F. Supp. 2d 241 (N.D.N.Y. 2010). The Court has used the title listed by Westlaw.

*Id.* At step three, the ALJ found that Plaintiff's impairments, although severe, did not meet or equal any of the criteria of a section of the Listing of Impairments ("Listings"), set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 14. Prior to proceeding to step four, the ALJ assessed that Plaintiff "has the residual functional capacity to perform light, work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he is limited to simple, routine and repetitive tasks." *Id.* at 15. The ALJ gave Dr. Dennis Noia's opinion "great weight as it is consistent with the medical evidence of record as a whole." *Id.* at 16.

At step four, the ALJ concluded that Plaintiff could not perform any past relevant work. *Id.* at 8-2 at 17. At step five, the ALJ concluded that Plaintiff was not disabled because light, unskilled jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* at 17. Thus, the ALJ denied Plaintiff's claim for disability benefits. *Id.* at 18.

## V. THE PARTIES' CONTENTIONS

Plaintiff claims that the ALJ erred by: (1) improperly discounting Dr. Ganesh's opinion; (2) improperly weighing Plaintiff's credibility; (3) improperly giving weight to a state agency Residual Functional Capacity Assessment; and (4) making an improper finding at step five. (Dkt. No. 10.) Defendant contends that the ALJ's decision applied the correct legal standards and is supported by substantial evidence and thus should be affirmed. (Dkt. No. 11.)

## VI. DISCUSSION

### A. Weight Given to Consulting Physician

The ALJ gave Dr. Kalyani Ganesh's opinion "some weight to the extent it is consistent with the residual functional capacity." (Dkt. No. 8-2 at 17.) Plaintiff alleges that the ALJ improperly weighed the opinion of Dr. Ganesh, the consulting physician, because (1) the ALJ did not provide

8

"good reasons" for assigning Dr. Ganesh's opinions limited weight; and (2) the ALJ improperly substituted his opinion for that of a medical professional. (Dkt. No. 10 at 10-12.) The Commissioner contends that the ALJ properly weighed the opinion evidence. (Dkt. No. 11 at 15.) For the reasons that follow, the Court agrees with the Commissioner.

When evaluating a consulting doctor's opinion, the ALJ must consider "the thoroughness of the underlying medical examination and the degree of light the opinion sheds on the conflicting assessment of the treating physician." *Kentile v. Colvin*, 8:13-CV-880 (MAD/CFH), 2014 U.S. Dist. LEXIS 96927, at *8, 2014 WL 3534905, at *5 (N.D.N.Y. July 17, 2014)[4] (citation omitted). However, an ALJ is not required to provide "good reasons" for not crediting a consulting doctor's opinion with sufficient evidence. *Trail ex rel Trail v. Colvin*, 5:13-CV-0014 (LEK), 2015 U.S. Dist. LEXIS 4796, at *22, 2015 WL 224753, at *9 (N.D.N.Y. Jan. 15, 2015). "'In making a substantial evidence evaluation, a consulting physician's opinions or report should be given limited weight' because 'they are often brief, are generally performed without benefit or review of the claimant's medical history and, at best, only give a glimpse of the claimant on a single day.'" *Boylan v. Astrue*, 11-CV-354 (VEB), 2012 U.S. Dist. LEXIS 136084, at *12, 2012 WL 4363722, at *4 (N.D.N.Y. Sept. 24, 2012).

Here, Plaintiff saw Dr. Ganesh on a single occasion. (Dkt. No. 8-7 at 41-44.) Dr. Ganesh opined that Plaintiff has "no gross limitations for sitting, standing and walking." (Dkt. No. 8-2 at 16.) Dr. Ganesh also stated that Plaintiff "has a moderate-to-severe limitation in lifting, carrying, pushing, and pulling due to coronary artery disease and abdominal surgery." *Id.* The ALJ found that this

---

[4] Westlaw and LexisNexis list different dates for this decision. The Court has used the date provided by Westlaw.

opinion was consistent with the medical evidence and gave it "some" weight. *Id.* at 16-17. The ALJ was not required to provide good reasons for crediting Dr. Ganesh's opinion with "some" weight. Accordingly, I find that the ALJ did not err in weighing Dr. Ganesh's opinion.

### B. Plaintiff's Credibility

Plaintiff alleges that the ALJ failed to properly weigh Plaintiff's credibility. (Dkt. No. 10 at 13-17.) The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." (Dkt. No. 8-2 at 16.) Plaintiff argues that the ALJ failed to consider all of the evidence of record and properly analyze Plaintiff's credibility. (Dkt. No. 10 at 13-17.) The Commissioner argues that the ALJ "carefully considered [Plaintiff's] testimony and alleged functional limitations as well as the extent to which such allegations could be reasonably accepted as consistent with the objective evidence of record." (Dkt. No. 11 at 17.) I recommend that this matter be remanded because the ALJ failed to fully address his reasons for finding Plaintiff not fully credible.

The Court reviews an ALJ's findings of fact under a substantial evidence standard. "It is the function of the [Commissioner], not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (citation and internal quotation omitted). To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two-step analysis of pertinent evidence in the record. 20 C.F.R. § 404.1529; *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010); SSR 96-7p, 1996 WL 374186, at *5 (S.S.A. July 2, 1996). The ALJ is required to consider all of the evidence of record in making his credibility assessment. *Genier*, 606 F.3d at 50 (citing 20 C.F.R. §§ 404.1529, 404.1545(a)(3)). First, the ALJ "must consider whether there is an underlying

10

medically determinable physical or mental impairment(s) . . . that could reasonably be expected to produce the claimant's pain or other symptoms." SSR 96-7p, 1996 WL 374186, at *2. This finding "does not involve a determination as to the intensity, persistence, or functionally limiting effects of the claimant's pain or other symptoms." *Id.* If no impairment is found that could reasonably be expected to produce pain, the claimant's pain cannot be found to affect the claimant's ability to do basic work activities. *Id.* An individual's statements about his pain are not enough by themselves to establish the existence of a physical or mental impairment, or to establish that the individual is disabled. *Id.*

Once an underlying physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms has been established, the second step of the analysis is for the ALJ to consider "'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with other objective medical evidence and other evidence.'" SSR-96-7, 1996 WL 374186, at *2; *Genier*, 606 F.3d at 49 (quoting 20 C.F.R. § 404.1529(a)); *see also Poupore v. Astrue*, 566 F.3d 303, 307 (2d Cir. 2009) (finding that claimant's subjective complaints of pain were insufficient to establish disability because they were "unsupported by objective medical evidence tending to support a conclusion that he has a medically determinable impairment that could reasonably be expected to produce" the alleged symptoms); *see also* SSR 96-7p, 1996 WL 374186, at *5 ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."). This includes evaluation of the intensity, persistence, and limiting effects of the pain or symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. SSR 96-7p, 1996 WL 374186, at *2.

The ALJ must consider all evidence of record including "'[s]tatements [the claimant] or others make about his impairment(s), restrictions, daily activities, efforts to work, or any other relevant statements [the claimant] make[s] to medical sources during the course of examination or treatment, or to [the agency] during interviews, on applications, in letters, and in testimony [during] administrative proceedings.'" *Genier*, 606 F.3d at 49 (citing 20 C.F.R. § 404.1512(b)(3)). A claimant's "symptoms can sometimes suggest a greater level of severity than can be shown by the objective medical evidence alone." SSR 96-7p, 1996 WL 374186, at *3. When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii); 416.929(c)(3)(i)-(vii).

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, No. 96 Civ. 9435 (JSR)(SEG), 1999 U.S. Dist. LEXIS 4085, at *15-16,

1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)[5]) (internal quotation marks omitted); *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "A finding that [a claimant] is not credible must . . . be set forth with sufficient specificity to permit intelligible plenary review of the record." *Williams*, 859 F.2d at 260-61 (citation omitted) (finding that failure to make credibility findings regarding claimant's critical testimony "undermines the Secretary's argument that there is substantial evidence adequate to support his conclusion that claimant is not" disabled). "Further, whatever findings the ALJ makes must be consistent with the medical and other evidence." *Id.* at 261 (citation omitted) ("[A]n ALJ must assess subjective evidence in light of objective medical facts and diagnoses.").

"Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings 'must be given conclusive effect' so long as they are supported by substantial evidence." *Genier*, 606 F.3d at 49 (citing *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982)). An ALJ's evaluation of a plaintiff's credibility is "entitled to great deference if it is supported by substantial evidence." *Murphy v. Barnhart*, No. 00 Civ. 9621 (JSR)(FM), 2003 U.S. Dist. LEXIS 6988, at *30, 2003 WL 470572, at *10 (S.D.N.Y. Jan. 21, 2003) (citing *Bischof v. Apfel*, 65 F. Supp. 2d 140, 147 (E.D.N.Y. 1999); *Bomeisl v. Apfel*, No. 96 Civ. 9718 (MBM), 1998 U.S. Dist. LEXIS 11595, at *19, 1998 WL 430547, at *6 (S.D.N.Y. July 30, 1998[6]) ("Furthermore, the ALJ has discretion to evaluate a claimant's credibility . . . and such findings are entitled to deference because the ALJ had the opportunity to observe the claimant's testimony and demeanor at the hearing.")).

---

[5] Westlaw and LexisNexis list different dates for this decision. The Court has used the date provided by Westlaw.

[6] Westlaw and LexisNexis list different dates for this decision. The Court has used the date provided by Westlaw.

Here, in the first step of the credibility analysis, the ALJ found that Plaintiff's impairments of status-post myocardial infarction and borderline intellectual functioning could reasonably be expected to cause Plaintiff's symptoms. (Dkt. No. 8-2 at 16.) In the second step, the ALJ was required to consider the extent to which Plaintiff's symptoms can reasonably be accepted as consistent with other objective medical evidence and other evidence. *Genier*, 606 F.3d at 49. Here, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Dkt. No. 8-2 at 16.) In explaining his conclusion, the ALJ stated that Plaintiff claimed that because of his heart condition, he could not lift over five pounds or sit or stand for "any length of time." *Id.* However, the ALJ afforded some weight to Dr. Ganesh who reported that Plaintiff "has no gross limitations for sitting, standing and walking . . . ." *Id.* Plaintiff also alleged that he had "difficulty with memory and attention and that he grows tired easily particularly when under stress." *Id.* Yet, the ALJ noted that Dr. Noia reported that Plaintiff can "understand and follow simple instructions and directions, perform simple and some complex tasks with some supervision and independently, maintain attention and concentration for tasks, attend to a routine and a schedule and learn new tasks." *Id.* Further, Plaintiff reported kidney cancer, but the medical evidence showed that this was likely a neoplasm. *Id.* Plaintiff's cardiologist reported that Plaintiff made a "'good recovery.'" *Id.* The record also shows that Plaintiff had made a "'remarkable improvement.'" *Id.* Dr. Hugh C. MacIsaac, Plaintiff's cardiologist, also reported that Plaintiff is "stable from a cardiovascular standpoint." *Id.* Thus, the ALJ concluded that the objective evidence did not substantiate Plaintiff's claims about his symptoms.

Accordingly, because the objective evidence alone did not substantiate the intensity,

persistence, or limiting effects of the claimant's symptoms, the ALJ was then required to assess the credibility of Plaintiff's subjective complaints by considering the record in light of the following symptom-related factors: (1) Plaintiff's daily activities; (2) location, duration, frequency, and intensity of Plaintiff's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by Plaintiff to relieve symptoms; and (7) any other factors concerning Plaintiff's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ's decision does not show that the ALJ considered the record in light of these symptom-related factors. The ALJ only minimally noted Plaintiff's daily activities. (Dkt. No. 8-2 at 16.) For example, the ALJ apparently did not review Plaintiff's medications and how they affect his symptoms. Further, the ALJ did not provide an explanation for his conclusions, if any, regarding these factors. He barely mentioned these factors in his decision such that it is impossible to determine if the ALJ's credibility determination is supported by substantial evidence. Accordingly, it is recommended that this matter be remanded because the ALJ failed to set forth the reasons for rejecting Plaintiff's subjective complaints with sufficient specificity to enable the Court to decide

whether the determination is supported by substantial evidence.[7] On remand, the ALJ should fully address his reasons for rejecting Plaintiff's subjective complaints regarding his limitations.

      C.     **Residual Functional Capacity Assessment**

The ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he is limited to simple, routine, and repetitive tasks." (Dkt. No. 8-2 at 15.) Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence. (Dkt. No. 10 at 10.) Plaintiff argues that in making the RFC assessment, the ALJ improperly gave weight to the State agency's RFC assessment. *Id.* at 12-13. The Commissioner argues that the ALJ's RFC determination was based on substantial evidence, particularly the opinion of Dr. Noia. (Dkt. No. 11 at 16-17.) I recommend that this matter be remanded because the ALJ failed to specify the evidence that formed the basis of his RFC determination.

"[T]he RFC can only be established when there is substantial evidence of each physical requirement listed in the regulations." *Whittaker v. Comm'r of Soc. Sec.*, 307 F. Supp. 2d 430, 440 (N.D.N.Y. 2004) (citation omitted). An RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work related abilities on a function-by-

---

[7]     The Court notes that during the hearing, the ALJ inquired about Plaintiff's medication (Dkt. No. 8-2 at 46, 49, 52), his daily activities (Dkt. No. 8-2 at 47-48), aggravating and precipitating factors (Dkt. No. 8-2 at 50-51), duration, frequency, and intensity of Plaintiff's symptoms (Dkt. No. 8-2 at 50-53). Further, the Commissioner, in his Memorandum of Law, argues that Plaintiff's credibility "was diminished by his inconsistent statements." (Dkt. No. 11 at 17.) For example, Plaintiff claimed that after his heart attack, he "'can't do nothing, always out of breath, can't move around [and] can't walk that far.'" *Id.* at 17-18. The Commissioner notes, however, that Plaintiff told Dr. Menzies that he was able to shovel snow. *Id.* at 18. However, there is nothing in the ALJ's record showing that the ALJ considered these factors and inconsistencies in weighing Plaintiff's credibility.

function basis. 20 C.F.R. §§ 404.1545, 416.945. Each finding must be considered separately and "the ALJ must specify the functions plaintiff is capable of performing; conclusory statements regarding plaintiff's capacities are not sufficient." *Roat*, 717 F. Supp. 2d at 267 (citation and internal quotation omitted); SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). Each "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and non-medical evidence." SSR 96-8p, 1996 WL 374184, at *7. The RFC may then be expressed in terms of the exertional levels (sedentary, light, etc.) to determine the particular types of work a claimant may be able to perform. *Whittaker*, 717 F. Supp. 2d at 440.

The Second Circuit has found that "failure to specify the basis for a conclusion as to [the RFC] is reason enough to vacate a decision of the [Commissioner]." *White v. Sec'y of Health & Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990) (stating that "because the Secretary failed to articulate the basis for the findings as to [claimant's] residual functional capacity," the court vacates and remands). Moreover, remand is appropriate where the court is "'unable to fathom the [Commissioner's] rationale in relation to the evidence in the record' without 'further findings or explanation for the decision.'" *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996). "[T]he ALJ must consider objective medical facts, diagnoses and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations." *Bush v. Comm'r of Soc. Sec.*, No. 5:13-CV-994 (MAD/ATB), 2015 WL 224764, at *8 (N.D.N.Y. Jan. 15, 2015)[8] (citing 20 C.F.R. §§ 404.1545, 416.945). The ALJ may not make conclusory statements

---

[8] On Lexis, this published opinion is separated into two documents. The first is titled *Bush v. Colvin*, 5:13-CV-994 (MAD/ATB), 2015 U.S. Dist. LEXIS 4646 (N.D.N.Y Jan. 15, 2015). It includes only the district judge's decision adopting the magistrate judge's report and recommendation. The second is titled *Bush v. Commissioner of Social Security*, 5:13-CV-994 (MAD/ATB), 2014 U.S. Dist. LEXIS 180366 (N.D.N.Y. Dec. 8, 2014). It includes only the

concerning plaintiff's capacities. *Id.* (citation omitted). Instead, the ALJ must "specify the functions plaintiff is capable of performing." *Id.* (citation omitted).

The ALJ must evaluate the combined effect of all plaintiff's impairments irrespective of whether every impairment is severe. *Id.* at 2014 U.S. Dist. LEXIS 180366, at *20, 2015 WL 224764, at *8.

Here, the ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he is limited to simple, routine, and repetitive tasks." (Dkt. No. 8-2 at 15.) The State agency physical residual functional capacity reports that Plaintiff retained the ability to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently; stand and walk for a total of six hours; sit for a total of six hours. (Dkt. No. 8-3 at 16-21.) The ALJ gave some weight to the State agency physical residual functional capacity assessment to the extent that it was consistent with the medical evidence. (Dkt. No. 8-2 at 16.)

According to the regulations:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

---

magistrate judge's report and recommendation. Westlaw includes both the district court judge's decision and the magistrate judge's report and recommendation in one document, titled *Bush v. Commissioner of Social Security*, 5:13-CV-994 (MAD/ATB), 2015 WL 224764, at *8 (N.D.N.Y. Jan. 15, 2015). The Court has used the title listed by Westlaw.

20 C.F.R. § 416.967(b).

The ALJ was required first to identify Plaintiff's functional limitations or restrictions and assess his work related abilities on a function-by-function basis. The ALJ noted that Dr. Ganesh stated that Plaintiff "has a moderate-to-severe limitation for lifting, carrying, pushing and pulling." (Dkt. No. 8-2 at 16.) The ALJ also noted that Dr. Ganesh stated that Plaintiff does not have "gross limitations for sitting, standing and walking." *Id*. Dr. Noia reported that Plaintiff can "perform simple and complex tasks." (Dkt. No. 8-7 at 39.) However, the ALJ's decision does not show an assessment of all of Plaintiff's impairments that were not severe, including his breathing problem (Dkt. No. 8-2 at 49, 50), chest pain (Dkt. No. 8-2 at 52), and a bowel issue and abdominal pain (Dkt. No 8-2 at 53). Further, the ALJ did not provide a narrative about any evidence supporting that Plaintiff can lift ten to twenty pounds and push and pull substantially. Thus, it is impossible to determine from the ALJ's decision whether he evaluated the "combined effect" of all of Plaintiff's impairments. Accordingly, I find that this matter should be remanded because the ALJ failed to adequately and fully specify the evidence upon which he based his RFC determination such that this Court is "unable to fathom" the ALJ's rationale for Plaintiff's RFC.

**D.     Step Five**

Plaintiff argues that the ALJ's determination at step five is not supported by substantial evidence. (Dkt. No. 10 at 17-18.) The Commissioner argues that the ALJ's determination at step five was "correctly based on Plaintiff's RFC and vocational factors, as well as the vocational expert's opinion." (Dkt. No. 11 at 19.)

The Court finds it unnecessary to address this issue at this time because, as discussed

above, this matter must be remanded on other grounds for a proper determination of Plaintiff's RFC. However, if a determination of Plaintiff's RFC on remand reveals that Plaintiff has significant non-exertional limitations, then a vocational expert should be further consulted.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that this matter be remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[9] for further proceedings consistent with the above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: February 25, 2015
      Syracuse, New York

*[signature]*
Therese Wiley Dancks
United States Magistrate Judge

---

[9] Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).