**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WAYNE S. HARRINGTON,**

        **Plaintiff,**

 **vs.**               **6:13-cv-01230
                    (MAD/TWD)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

        **Defendant.**
_____

**APPEARANCES:**           **OF COUNSEL:**

**OLINSKY LAW GROUP**        **HOWARD D. OLINKSY, ESQ.**
300 S. State Street
Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**  **VERNON NORWOOD, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

  Plaintiff Wayne S. Harrington brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Plaintiff moves to vacate the Commissioner's decision and to remand this matter for further administrative proceedings, and the Commissioner cross-moves for judgment on the pleadings. *See* Dkt. Nos. 10, 11. This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

Plaintiff protectively filed applications for DIB and SSI benefits on January 11, 2011, alleging a disability onset date of December 28, 2010. *See* Dkt. No. 8 at 188-200, 216. On May 25, 2011, Plaintiff's applications were initially denied, and, upon Plaintiff's request, a hearing was held on February 10, 2012, which was adjourned, and continued on May 11, 2012. *See id.* at 34-73, 94-100. On June 18, 2012, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act. *See id.* at 7-22. Plaintiff timely filed a request for a review of the ALJ's unfavorable hearing decision. *Id.* at 30-33. The Appeals Council denied review by letter dated August 5, 2013, thereby making the ALJ's decision the final determination of the Commissioner. *Id.* at 1-6. Plaintiff commenced this action seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1.

In her February 25, 2015 Report and Recommendation, Magistrate Judge Dancks found that the ALJ did not properly assess Plaintiff's credibility related to his subjective symptoms. After determining that the alleged intensity, persistence, and limiting effects of Plaintiff's symptoms were not substantiated by the objective evidence, the ALJ erred by failing to continue the assessment of symptoms using the following regulatory factors: (1) Plaintiff's daily activities, (2) the location, duration, frequency, and intensity of Plaintiff's symptoms, (3) the precipitating and aggravating factors, (4) the type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms, (5) the other treatments received to relieve symptoms, (6) any measures taken by Plaintiff to relieve symptoms, and (7) any other factors concerning Plaintiff's functional limitations and restrictions due to symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii);

2

416.929(c)(3)(i)-(vii); Dkt. No. 12. Magistrate Judge Dancks recommends that the Commissioner's decision be vacated and remanded for further consideration of Plaintiff's subjective complaints.

Magistrate Judge Dancks further found that the ALJ did not give consideration to the combined effect of Plaintiff's severe and non-severe impairments. *See* Dkt. No. 12. Also, the ALJ did not discuss any evidence supporting each of Plaintiff's abilities to lift, push, and pull when making the RFC determination. *See id*. Without this information, Magistrate Judge Dancks was "unable to fathom" the ALJ's rationale determining Plaintiff's RFC, and she recommends that the Commissioner's decision be vacated and remanded. Neither party objected to Magistrate Judge Dancks' Report and Recommendation.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination

considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). Failure to object timely to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

Having carefully reviewed Magistrate Judge Dancks' Report and Recommendation, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Dancks correctly determined that the ALJ's assessment of Plaintiff's credibility was not complete without evaluating Plaintiff's symptoms in light of the regulatory factors to determine the intensity, persistence, and limiting effects of Plaintiff's symptoms. Magistrate Judge Dancks also correctly determined that Plaintiff's RFC was not properly determined where the ALJ did not evaluate the combined effect of Plaintiff's severe and non-severe impairments and where the ALJ did not provide support for each of the findings of Plaintiff's physical abilities. As such, the Court finds that Magistrate Judge Dancks correctly determined that the decision of the Commissioner should be vacated and the matter be remanded.

4

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' February 25, 2015 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **VACATED** and this matter is **REMANDED** for further proceedings consistent with Magistrate Judge Dancks' Report and Recommendation; and the Court further

**ORDERS** that the Clerk shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 19, 2015
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge